# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

BRIAN J. LONG, et al.,

      Plaintiffs,        :        Case No. 3:11-cv-278

                                   District Judge Timothy S. Black
    -vs-                              Magistrate Judge Michael R. Merz

                                :

CAPTAIN TONY RANIERI, et al.,

      Defendants.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Plaintiff Brian Long's Motion for Leave to Appeal *in forma pauperis* (Doc. No. 20).

The Sixth Circuit Court of Appeals requires that all district courts in the Circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis,* whether the appeal is frivolous. *Floyd v. United States Postal Service*, 105 F.3d 274 (6th Cir. 1997).

28 U.S.C. §1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." Plaintiff paid the required filing fee in this Court when he filed the Complaint in August, 2011.

If the district court denies the individual leave to proceed in forma pauperis on appeal, the party may file, within thirty days after service of the district court's decision as prescribed for by Fed. R.App. P. 24(a)(4), a motion with the Court of Appeals for leave to proceed as a pauper on appeal. The party's motion must include a copy of the affidavit filed in the district court and the district court's statement as to its reasons for denying pauper status on appeal. See Fed. R.App. P. 24(a)(5). *Callihan v. Schneider,* 178 F.3d 800, 803 (6th Cir. 1999), holding *Floyd v. United States*

*Postal Service*, 105 F.3d 274 (6th Cir. 1997), superseded in part by 1998 amendments to Fed. R.App. P. 24.

The test under §1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue not frivolous. *Coppedge v. United States,* 369 U.S. 438 (1962). Thus an appellant's good faith subjective motivation for appealing is not relevant, but rather whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal. This test will often be difficult to apply in any conclusive manner at the district court level because only a bare notice of appeal is before the District Court; it will often be unable to evaluate the issues appellant intends to raise on appeal because the appellant has no occasion to reveal those issues in a notice of appeal.

Plaintiff has not supported his Motion with any suggestion of the issues he intends to raise on appeal. However, the Court dismissed his Complaint without prejudice for lack of subject matter jurisdiction, lack of personal jurisdiction of the Defendants, and failure to state a claim. Despite several attempts by Plaintiff to cure those deficiencies, he was, in the judgment of the Court, never able to do so.

Accordingly, it is respectfully recommended that the Motion be denied without some showing of a non-frivolous issue Plaintiff intends to appeal.

November 7, 2011.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections

to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).